HONORABLE ROYCE C. LAMBERTH, UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

| UNITED STATES OF AMERICA | : | Docket No.: <u>CR-06-0083</u> |
| --- | --- | --- |
|  | : |  |
| vs. | : | SSN: |
|  | : |  |
| Woodgates, James | : | Disclosure Date: <u>June 8, 2006</u> |

JUL 14 2006

CLERK, U.S. DISTRICT COURT
DISTRICT OF COLUMBIA

### RECEIPT AND ACKNOWLEDGMENT OF
### PRESENTENCE INVESTIGATION REPORT

This is to acknowledge that each of the undersigned has received and reviewed the Presentence Investigation Report (PSR) in the above-entitled case. The undersigned further acknowledges that:

**For the Government**

(CHECK APPROPRIATE BOX)

( )   There are no material/factual inaccuracies therein.

( )   There are material/factual inaccuracies in the PSI report as set forth in the attachment herein.

_____          _____
**Prosecuting Attorney**                                              **Date**

**For the Defendant**

(CHECK APPROPRIATE BOX)

( )   There are no material/factual inaccuracies therein.

(X)   There are material/factual inaccuracies in the PSI report as set forth in the attachment.

_____   6/22/06          _____   6/22/06
**Defendant**                        **Date**                **Defense Counsel**             **Date**

### NOTICE OF OBLIGATION OF THOSE EXECUTING THIS FORM

Pursuant to Local Rule 32(f)(2), those executing this form shall first submit any material inaccuracies or disputes in writing by **June 22, 2006**, to U.S. Probation Officer **Monica Johnson**, telephone number **(202) 565-1332**, fax number **(202) 273-0242**.

Pursuant to Rule 32(b)(6)(B), effective December 1, 1994, it shall be the responsibility of the Attorney for the Government and the Defense Counsel to provide each other with a copy of the objections at the same time the objections are filed with the probation office.

FOR THE COURT

By:   Richard A. Houck, Jr., Chief
      United States Probation Officer

LAW OFFICES OF

# RICHARD SELIGMAN

THE LINCOLN BUILDING
514 10TH STREET N.W.
9TH FLOOR
WASHINGTON, DC 20004-2907

TEL: (202) 745-7800
FAX: (202) 639-0458

Admitted in DC and MD

WEB SITE: www.seligman-law.com
E-MAIL: RickSelig@aol.com

MARYLAND OFFICE
8600 2ND AVENUE
SILVER SPRING, MD 20910
(301) 562-9105

June 22, 2006

Fax 202-273-0242

Monica L. Johnson
United States Probation Officer
E. Barrett Prettyman U.S. Courthouse
333 Constitution Ave. N.W.
Rm. 2800
Washington D.C. 20001

Re:  U.S. v James Russell Woodgates, Cr. No, 06-83 (RCL), PSI Receipt and Acknowledgement

Dear Ms. Johnson:

Attached please find the signed Receipt and Acknowledgement form and attached statement of material inaccuracies as well as notations of other non-material errors. In addition, I am including a recent letter from John Yates, Rector of The Falls Church. This letter summarizes Mr. Woodgates leadership role in the church before his disclosure and his extraordinary efforts to rehabilitate himself thereafter and his recent restoration to a leadership role in the church. Please include this and all other submissions along with the PSI to the Court.

Sincerely,

Richard Seligman

Encl.

<u>United States v James Russell Woodgates</u>, Cr. 06-083-01
Objections and Corrections to Presentence Investigation

1. Junior is not an Alias of the defendant. J.R. are the initials for his first and middle names: James and Russell.
2. ¶ 5 This paragraph is incomplete because it fails to note that in exchange for the guilty plea the government made additional concessions regarding departures and conditions of release: "The government agrees that the defendant may seek a downward departure from the Guideline range on the basis of extraordinary post-offense rehabilitation. The defendant agrees not to seek a downward departure on any other basis from the applicable Guideline range." It also fails to note that the government would not object to release pending sentencing and self-surrender after sentencing should incarceration be imposed. ( Plea Agreement ¶ 5 and ¶ 3 respectively)
3. ¶ 18. The defendant asked his employer to allow him to inform his fellow employees of the reason for his resignation and the email the defendant directed to his fellow employees admitted his misconduct and advised them of the reason for his resignation. The paragraph as written makes it appear that it was the defendant's supervisor that notified his fellow employees.
4. ¶ 35. The defendant's mother resides in Chapel Hill North Carolina, not Maryland.
5. ¶ 44. There is a typographical error in the third sentence. The word should be "described" above not "decided" above.
6. ¶ 47. Augutus Institute conducted a Psycho-Sexual evaluation which included clinical interviews and psychological and other specialized testing. The opinion is that he is not a pedophile and that he is a low risk for repeating the offense.
7. ¶ 49. There is a typographical error that indicates that the defendant met with Cornerstone Family Counseling for ten "sex" sessions. It should be 10 counseling sessions.
8. ¶ 53. The defendant was in high school in 1969 not 1985.
9. ¶ 60. The second part of this paragraph is confusing. It should clarify that Mr. Woodgates records textbooks for the blind for "Recording for the Blind & Dyslexic of Metropolitan Washington" and that between February 2003 and July 2005 he had contributed more than 420 hours.
10. ¶ 62. Although Mr. Woodgates does have access to a computer at WETA, this has been the case since 1993 and there have been no incidents. The government has acknowledged his extra ordinary rehabilitation since December 2002 and did not seek to impose special conditions on his release following his guilty plea. If probation is obliged to notify WETA of the conviction, perhaps it can also advise of Mr. Woodgates' extraordinary efforts toward rehabilitation and the lack of any indication of repeat conduct.
11. ¶90. The defendant takes issue with this paragraph which fails to note any information that would suggest a basis for departure from the Advisory Sentencing Guidelines. On June 2, 2006 defense counsel submitted a letter with 12 documents attached supporting a request for a substantial departure for "extraordinary post-offense rehabilitation". These documents included psychosexual and sex offender evaluations, documentation of extensive counseling, ongoing community service and testimonials from pastoral counselors and members of his church community. Moreover, in the plea agreement, the defendant specifically reserved his right to request a departure for post offense rehabilitation and waived any claims for departure on any other basis: "The government agrees that the defendant may seek a downward departure from the Guideline range on the basis of extraordinary post-offense rehabilitation. The defendant agrees not to seek a downward departure on any other basis from the applicable Guideline range." The government also agreed to release on

1

personal recognizance and to self surrender if a prison term is imposed by the Court. The defendant has been in the community for almost four years since admitting this conduct to the FBI. The plea agreement in this case at least tacitly recognizes there may be a legal basis for a departure based on extraordinary post offense rehabilitation. Indeed there is substantial authority for post-offense and post-sentencing rehabilitation departures in extraordinary cases. See *United States v Rhodes* 145 F3d 1375 ( D.C. Cir.1998)( The determination of whether the defendant's work, education and other rehabilitative activities exceeded " to an exceptional degree" the rehabilitative efforts of all defendants was a question for the district court), Accord: *United States v Coates*, 295 F. Supp. 2nd 11 ( DCDC 2003); also see *United States v Brock*, 108 F3d 31 ( 4th Cir. 1997);*United States v Whitaker*, 152 F3d 1238 ( 10th Cir. 1998); *United States v Sally*, 116 F.3d 76, 81 ( 3rd Cir. 1997); *United States v Kapitzke*, 130 F3d 820 ( 8th Cir. 1997); *United States v Core*, 125 F3d 74 ( 2nd Cir. 1997). Also enclosed is analysis by Rush Consulting of Federal Sentencing Data which shows that courts across the country have granted substantial departures for post offense rehabilitation in similar cases. The analysis also shows that there have been at least 10 serious felony cases of different types since 1999 where Judges in this Circuit have departed from the Guidelines based on extraordinary rehabilitation. It is significant that in February of this year Maryland U.S. District Court Judge Peter Messitte, departed from a prison term of 27-33 months to 4 months, in a case involving similar charges. See attached article in Laurel Leader.

Respectfully submitted,

Richard Seligman
Counsel for James Russell Woodgates